Merrimack, Mar. 3, 1953. } No. 4164.

DELVINA BARTON & a. v. EDGAR PELLETIER & a.

*Upton, Sanders & Upton* (*Mr. Sanders* orally), for the plaintiffs.

*Sulloway, Jones, Hollis & Godfrey* and *Irving H. Soden* (*Mr. Soden* orally), for the defendants.

BLANDIN, J. All exceptions have been waived except one to a portion of the charge as given, and another to the failure of the Court to charge in accordance with the plaintiff's third request. They claim that as a result of these errors the jury were not properly instructed as to the defendants' duty to use reasonable care regarding the spot where they stopped for Mrs. Barton to alight. They argue that the Court's instruction to the jury that "We are faced here with a situation where the defendants were required to let off their passengers on a public street" was erroneous because there was evidence that the plaintiff Delvina could have been "let off on the sidewalk." Therefore they say the plaintiffs were deprived of their right to have the jury decide the vital issue of whether Mrs. Barton should have been let off on or nearer to the sidewalk. It seems this argument entirely overlooks the qualifying and explanatory words which the Court immediately added: "That is, they had no bus depot; they had no place to stop which was under their control, and therefore, that is one of the circumstances that you are to consider in deciding where they should have stopped. The defendants here were in no way responsible for and had no control over the condition of the streets in Tilton, and therefore they were required to pick such a spot under those circumstances as an ordinary man of average prudence would have picked under the circumstances that existed as a reasonably safe place in which to let down passengers. Now this matter of a 'safe place' may in your judgment mean whatever area you consider to be reasonable

under all the circumstances. That is, when we say that a common carrier must let down a person at a reasonably safe place, we do not necessarily mean that it is at one particular spot or one particular mark. It depends on the circumstances." We believe that considering, as we must, all the Court said, he did not misstate the evidence. It appears reasonably certain the jury understood this issue was before them, and the law applicable to it; therefore, the exceptions must be overruled. *Paradis* v. *Greenberg*, 97 N. H. 173.

The plaintiffs also claim that it was error to refuse to give their third request which is as follows: "If Mrs. Barton alighted from the bus at an unsafe place the defendants would be liable even though she fell after she had taken a few steps away from the bus in an endeavor to reach a place of safety, provided she was not guilty of negligence contributing to the accident." However, in addition to what is quoted previously the Court charged: "It is a question for you to determine whether the space in which this passenger was let down was one which should have been sufficient for her to get both her feet on the ground, or one big enough for her to take two or three steps or eight or ten steps, or whatever amount you think should have been sufficient, in a reasonably safe condition. In other words, you have heard the situation described to you, and it is for you to say, first of all, whether the space was reasonably safe, and also how large a space was a reasonably safe one in which a bus line such as this should set down a passenger." Plainly this instruction permitted the jury, if they so chose, to find the defendants liable for letting off Mrs. Barton where they did, even though she fell after she had taken ten steps or more away from the bus. Since there was no evidence it was stopped more than ten or eleven feet from the sidewalk, which the plaintiffs claim was a safe place, this instruction was sufficiently favorable to them so they have no cause to complain. It therefore appears that while their request stated the law correctly, the general principle had already been covered by the Court and their exceptions are overruled. *Hardiman* v. *Walsh Bros.*, 96 N. H. 456. The order is

*Judgment on the verdicts.*

All concurred.